**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE CORVUS GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NICHOLS KASTER, PLLP, and ) <br> ANDREW G. CHASE, ) <br> ) <br> Defendants. ) | Case No. 12-cv-1269 <br><br> Judge Elaine E. Bucklo <br> Magistrate Judge Susan E. Cox |

## **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Corvus's Response ignores dispositive arguments and fails to distinguish controlling authority, confirming that this lawsuit is frivolous.

The Trade Libel count, which is a defamation claim, suffers from three independent problems, each justifying dismissal. First, Corvus pretends to address the innocent construction rule by arguing the statements it attacks are not opinion. But Corvus misunderstands that the rule applies to factual statements that can be innocently construed. Even if the statements at issue here are factual, they are innocent. Second, Corvus fails to distinguish controlling authority establishing that an attorney practicing law has an absolute privilege to make a defamatory statement, even in a pre-litigation context. Third, Corvus cites no on-point authority to counter the cases holding that statements qualify as opinion and are thus not actionable. Corvus's Trade Libel claim fails for each of the three independent reasons and should be dismissed.

The Illinois Consumer Fraud Act ("ICFA") count similarly fails for three independent reasons. First, the Illinois Supreme Court rejected Corvus's argument that the ICFA applies to attorneys, and Corvus offers no authority to the contrary. Second, Corvus makes no coherent

argument to get around clear law that it must allege conduct that implicates consumer protection concerns, which it has not even attempted to do. Third, Corvus again ignores the Illinois Supreme Court's holding that it must allege that someone somehow was deceived—indeed, Corvus concedes that it does not. The ICFA claim fails independently for each of these reasons and should be dismissed.

The Uniform Deceptive Trade Practices Act ("UDTPA") count fails because Corvus has not and cannot allege that the challenged statements disparage its goods or services. Corvus has no authority to the contrary. The UDTPA claim should thus be dismissed.

Finally, Corvus cannot argue around the Illinois Citizen Participation Act, because even Corvus cannot deny that it applies to meritless claims, such as those it brought in this case. The Court should dismiss this action and award the defendants' their attorneys' fees and costs.

## **ARGUMENT**

### I. THE TRADE LIBEL CLAIM SHOULD BE DISMISSED.

Corvus ignores the innocent construction and absolute privilege cases cited by Defendants Nichols Kaster, PLLP and Andrew G. Chase (the "Attorneys") and offers irrelevant cases on opinion.

#### A. Corvus Ignores the Controlling Innocent Construction Cases.

Corvus ignores the innocent construction cases cited by the Attorneys and erroneously argues that because the statement at issue is not an opinion, it cannot be innocently construed. The issues are separate, and it is no answer to an innocent construction argument to state that the statement is a fact, not an opinion. The innocent construction rule determines when facts are not defamatory.

Corvus has no response to the cases the Attorneys cited which hold that statements about unresolved questions of potential liability are not defamatory. *See* Defendants' Motion to Dismiss, ECF No. 6 at 5. Those cases show that statements like the one at issue here—"may have failed to properly pay overtime to some of its employees"—must be innocently construed. *See Dubinsky v. United Airlines Master Exec. Council*, 303 Ill. App. 3d 317, 326, 328-330 (1st Dist. 1999) (innocently construing "whether or not RICO or other federal laws apply will be decided in civil court" and "some would prosecute them to the fullest extent of the law"); *Bel-Grade, Inc. v. Etheridge*, 229 Ill. App. 3d 624, 626 (3d Dist. 1992) ("suspected as a place where illegal activities were conducted" must be innocently construed); *Walker v. Braes Feed Ingredients, Inc.*, No. 02 C 9236, 2003 WL 1956162, at * 3 (N.D. Ill. Apr. 23, 2003) ("litigation was pending" did not mean plaintiff would sue a future employer); *Cartwright v. Garrison*, 113 Ill. App. 3d 536, 542 (2d Dist. 1983) ("leaving the determination of whether any wrongdoing occurred which warranted legal action to . . . the State's Attorney's investigation" was subject to innocent construction).

Whether or not the Attorneys had "information" does not affect the innocent construction of the statement that Corvus "may have failed to properly pay overtime to some of its employees." Even if the Attorneys did not have any information, they are not making a defamatory statement because "may have" also means "may not have."

Corvus ignores these cases and instead argues that the "information" the Attorneys referred to in their letters constitutes undisclosed facts that render the statement one of fact, not opinion. However, even if the statement is a fact rather than an opinion, it still can, and in this case should, be innocently interpreted. "Whether statements are to be construed as expressions of opinion is a separate test apart from the innocent construction rule." *Horowitz v. Baker*, 168

Ill. App. 3d 603, 608 (3d Dist. 1988). The Complaint must be dismissed because the statements can be reasonably innocently construed.[1]

**B. The Attorneys' Investigation Letters to Potential Clients Are Absolutely Privileged.**

Corvus again ignores the cases it does not like, including the key cases on pre-suit application of the absolute privilege. Contrary to Corvus's assertions, these cases establish the absolute privilege applies to communications between attorneys and "private individuals who are not parties to the dispute," even though the attorneys have not been "formally engaged." (*See* ECF No. 9 at 10.)

First, Corvus ignores *Atkinson v. Affronti*, which held, "the absolute privilege which applies to defamatory statements made by an attorney during pending litigation applies to prelitigation defamatory statements made in written communications to a potential litigant." 369 Ill. App 3d 828, 831-33 (1st Dist. 2006). *Atkinson* expressly considered and rejected Corvus's contention that *Golden v. Mullen*, 295 Ill. App. 3d 865 (1st Dist. 1997),[2] and *Thompson v. Frank*, 313 Ill. App. 3d 661 (3d Dist. 2000) prohibit application of an absolute privilege when "the communication is to a third party that occurred prior to litigation." 369 Ill. App. 3d 828, 831-32. The *Atkinson* court explained that "the same public policy considerations that protect an attorney's statements made to his or her client during the course of a legal proceeding necessarily

---

[1] The Attorneys address the separate issue of whether the statements are facts or opinion in Section I.C. *infra*.

[2] *Golden* actually weighs against Corvus's arguments opposing the absolute privilege: "'An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding' . . . The only requirement is that the communication pertain to proposed or pending litigation." 295 Ill. App. 3d at 870 (*quoting* Rest. (Second) of Torts, § 586 (1977).)

4

protect prelitigation communications such as the letter defendant sent to plaintiff's employer." *Id.* at 833.

Second, Corvus ignores *Popp v. O'Neil*, 131 Ill. App. 3d 638, 640-44 (2d Dist. 2000), which held that communications between an attorney and prospective client regarding potential claims are subject to an absolute privilege regardless of whether there is a legal services agreement. In *Popp*, an attorney met with a potential client, and after investigating his potential personal injury claims, the attorney sent him a letter declining representation and explaining why. *Id.* Because the litigation privilege applies to letters from attorneys to potential clients declining representation for potential legal claims, it necessarily follows that the privilege applies to the Attorneys' letters to potential clients offering potential representation for potential legal claims.[3]

Under *Atkinson* and *Popp*, the Attorneys' letter is absolutely privileged as a communication to a potential client and the complaint must be dismissed.

### C. The Alleged Statement Is Opinion and Not Actionable.

Corvus's argument that the statement at issue is a fact is based only on two distinguishable cases; neither case concerned potential liability based on an ongoing

---

[3] *See also Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 342-43 (D.C. 2001) (judicial proceedings privilege applies to attorney soliciting potential class members) (*reversed on other grounds, McNair Builders, Inc. v. Taylor*, 3 A.3d 1132 (D.C. 2010)); *Simpson Strong-Tie Co., Inc. v. Stewart, Estes, & Donnell*, 232 S.W.3d 18, 22 (Tenn. 2007) (dismissing complaint because attorney's statement that consumers "may" have a legal claim was absolutely privileged when it related to a proposed judicial proceeding); *Jeckle v. Crotty*, 85 P.3d 931, 937-38 (Wash. App. Ct. 2004) (attorneys immune from liability for soliciting clients in class action); *Samson Inv. Co. v. Chevaillier*, 988 P.2d 327, 328 (Okla. 1999) (litigation privilege renders attorneys immune from liability for circulating a petition for a possible fraud action against plaintiff); *Kittler v. Eckberg, Lammers, Briggs, Wolff & Vierling*, 535 N.W.2d 653, 657-58 (Minn. App. Ct. 1995) (law firm immune from liability under judicial action privilege where it sent a letter soliciting former shareholders for potential lawsuit against plaintiffs); *Rubin v. Green*, 847 P.2d 1044, 1047-49 (Cal. 1993) (statements made by law firm in pre-suit solicitations were absolutely immune from tort liability under the litigation privilege).

investigation. One case involved a statement that was an unequivocal accusation of bribery. The other case that was a post-trial consideration of a series of statements that the Second Circuit found did not lead to liability. Neither case applies here. The statement at issue remains unverifiable and therefore not actionable.

*Catalano v. Pechous*, 69 Ill. App. 3d 797, 800 (1st Dist. 1978), concerned the statement "Two hundred and forty pieces of silver changed hands thirty for each alderman." The Court held that this statement was factual because of "the direct correlation between the number of pieces of silver and the number of aldermen on the council at the time the contract was awarded." *Id*. at 808.

*Hotchner v. Castillo-Puche*, 551 F. 2d 910 (2nd Cir. 1977) did not even involve a motion to dismiss, only touched on the opinion issue in passing, and ruled against the plaintiff after a trial. The allegedly defamatory statements included that Ernest Hemingway said of the plaintiff "I didn't really trust him though." *Id.* at 912. The Second Circuit found that the statements in *Hotchner* were not actionable in part because the statements were "incapable of independent verification." *Id.* at 913. This case is off point.

In contrast to the explicit factual statement in *Catalano* that "Two hundred and forty pieces of silver changed hands thirty for each alderman," the statement the Attorneys have "information" that Corvus "may have failed to properly pay overtime" is not objectively verifiable because "may have" renders it unverifiable. The speculative nature of the statement means it is incapable of being proven true or false. Because a statement of fact is an element of defamation the Complaint must be dismissed. For each reason argued above, the Trade Libel claims fails as a matter of law.

## II. THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT SHOULD BE DISMISSED.

### A. The ICFA Does Not Apply to The Attorneys' Letters.

Corvus cites to no evidence or law to support its claim that the Attorneys "*were not practicing law*, nor were they *representing a client*." (ECF 9 at 12 (emphasis in original).) Corvus fails to distinguish *Cripe v. Leitner*, 184 Ill. 2d 185 (1998). ICFA does not apply to the Attorneys in their practice of law.

In *Cripe*, the plaintiff raised an almost identical argument that an attorney's billing is simply a business responsibility that is not the practice of law. 184 Ill. 2d at 198-99. The Illinois Supreme Court rejected that contention, explaining that the "legislature did not intend the Consumer Fraud Act to apply to regulate the conduct of attorneys in representing clients," because the Rules of Professional Conduct and other laws regulate their practice instead. *Id*. at 197-99. The court explained that because an "attorney's billing of a client for legal services is a part of the attorney's representation of the client [it] is therefore exempt from the Act." *Id.* at 199.

Corvus cannot distinguish *Cripe* without making unsupported allegations about the Attorneys, because it is directly controlling and dispositive. The Rules of Professional Conduct in Illinois and in Minnesota (which are virtually identical) both have extensive regulations governing pre-suit investigations, multi-jurisdictional practice, interactions with prospective clients and third-party witnesses, and solicitation or advertising letters that attorneys may send in their practice. *See* Ill. R. Prof. Cond. 1.1, 1.3, 1.18, 4.1-4.4, 5.5, 7.1-7.5, 8.4-8.5 (2010); Minn. R. Prof. Cond. 1.1, 1.3, 1.18, 4.1-4.4, 5.5, 7.1-7.5, 8.4-8.5 (2011). Corvus is well aware that the Attorneys were acting in compliance with those Rules when they sent the letters at issue, because the Ethics Board already found that this was the case. (See ECF No. 6, Exs. B-C.)

7

*Cripe* is dispositive. Because the Illinois and Minnesota Rules of Professional Conduct regulate these responsibilities, the ICFA claim fails a matter of law. 184 Ill. 2d at 197-99.

### B. Corvus Lacks Standing To Sue Under The ICFA.

Again, Corvus fails to acknowledge unfavorable authority rejecting its position that it has standing to sue under the ICFA. Corvus argues that standing requirements under the ICFA have not been clearly articulated, so the claim should be permitted to go forward. It argues that the law is unclear on what "conduct directed to the market generally" or "conduct [which] implicates consumer protection concerns" are under the ICFA. It relies on lengthy quotes from *Athey Prod. Corp. v. Harris Bank Roselle*, 89 F.3d 430 (7th Cir. 1996), and *Lake County Grading Co. v. Advanced Mech. Contractors Inc.*, 275 Ill. App. 3d 452 (2d Dist. 1995). (ECF 9 at 13-15.) What Corvus ignores is that the Illinois Court of Appeals already analyzed Corvus's cited cases and held that an ICFA plaintiff must "allege some nexus between the complained-of conduct and consumer protection concerns." *Brody v. Finch Univ. of Health Sciences/The Chicago Med. Sch.*, 298 Ill. App. 3d 146, 160 (2d Dist. 1998).

In *Speakers of Sport, Inc. v. Proserv, Inc.*, 178 F.3d 862, 868 (7th Cir. 1999), the Seventh Circuit dismissed a claim under the ICFA for lack of standing by a corporation against its competitor sports agent company for luring one of its customers by alleged false promises. The court explained:

> [The plaintiff] is not a consumer, and while a competitor is permitted to bring suit under the Act as a representative of the consumer interest . . . he must "prove, by clear and convincing evidenc**e**, how the complained-of conduct implicates consumer protection concerns." No effort at proving this was made here . . . . The seller can be hurt even if the customer is not; but to allow the seller to obtain damages from a competitor when no consumer has been hurt is unlikely to advance the consumer interest.

*Id*. (citations omitted).

Corvus cannot come up with any explanation of how the Attorneys' letters implicate consumer protection concerns because the letters do not implicate any consumer protection concerns, not because the law is unclear. *See also Lake County Grading*, 275 Ill. App. 3d at 460 (dismissing ICFA claim because "there is no inherent consumer interest implicated in a construction contract between a general contractor and a subcontractor"); *3Com Corp. v. Elec. Recovery Spec., Inc.*, 104 F. Supp. 2d 932, 939 (N.D. Ill. 2000) ("Plaintiff has not alleged any nexus between defendants' conduct and consumer protection concerns in its complaint, and, notably, does not attempt to advance such an argument in its brief.").

As in *Speakers* and *3Com*, Corvus makes no effort to allege how the complained-of conduct implicates consumer protection concerns. Corvus's consumers are not even mentioned or tangentially affected by allegations in the Complaint. No consumers have alleged that they were deceived, wronged, or injured in any way—the only allegation of injury is by Corvus. Moreover, the letters were not directed to the market generally, but to specific individuals who worked for Corvus. This claim should be dismissed.[4]

### C. Corvus Fails To Allege That It Was Deceived.

The Illinois Supreme Court has rejected Corvus's argument. "[T]o properly plead the element of proximate causation in a private cause of action for deceptive advertising brought under the Act, a plaintiff must allege that he was, in some manner, deceived." *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 155 (2002). The court cited Corvus's case, *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482 (1996), but held that plaintiffs were required to allege that they were deceived to meet the causation requirement under the ICFA. The Court dismissed the plaintiff's

---

[4] S*ee also Banko del Estado v. Navistar Intern. Transp. Corp.*, 942 F. Supp. 1177, 1182 (N.D. Ill. 1996); *Stepan Co. v. Winter Panel Corp.*, 948 F. Supp. 802, 806-807 (N.D. Ill. 1996).

complaint for failure to adequately plead causation when there was no allegation that the plaintiff was deceived. 201 Ill. 2d at 155.

Corvus's Complaint fails to allege the requisite causation because it does not allege that it—or anyone else—was deceived by the Attorneys' letters. (ECF 9 at 21 (admitting "it may be literally true that the Complaint does not make reference to anyone having been 'misled' by the attorneys' letters"). As such, the ICFA claim must be dismissed with Corvus paying the Attorneys' attorneys' fees and costs as provided by the act.

### III. THE UNIFORM DECEPTIVE TRADE PRACTICES ACT CLAIM SHOULD BE DISMISSED.

Corvus' final claim also fails because it cannot make its required showing that the "statements at issue . . . disparage the quality of the plaintiff's goods or services" under the UDTPA. *Fedders Corp. v. Elite Classics*, 279 F. Supp. 2d 965, 972 (S.D. Ill. 2003). "So long as the statements at issue do not disparage the quality of the plaintiff's goods or services, no cause of action will [lie] under the statute." *Id.* (citations, quotations, and modifications omitted). Rather than meet its burden, Corvus asks the Court to change the law and only require it to prove "that the Defendants have unreasonably interfered with the conduct of its business." (ECF No. 9 at 19-20.) This is insufficient to state a claim under the UDPTA.[5] As a result, this claim should be dismissed with prejudice.

---

[5] Corvus misrepresents the holding of *Indus. Specialty Chem. v. Cummins Engine Co.*, 902 F. Supp. 805 (N.D. Ill. 1995) which it claims "made absolutely no reference whatsoever to either 'consumer confusion' or 'services.'" (ECF No. 9 at 20.) The court in that case repeatedly discussed both: "the amendment . . . did not altogether eliminate the requirement of a connection to consumers"; "[i]n pertinent part, the act defines deceptive trade practices to include when a person: (2) causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services"; "engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." *Id.* at 812 and n.10. In fact, the court dismissed the UDTPA claim expressly because the complaint lacked allegations of consumer confusion. *Id.* at 812-13. ("Conspicuously absent from plaintiff's complaint is an allegation that

IV.     **THIS CASE SHOULD BE DISMISSED UNDER THE ILLINOIS CITIZEN PARTICIPATION ACT.**

Finally, Corvus misconstrues *Sandholm v. Kuecker*, No. 111443, 2012 WL 169708 (Ill. Jan. 20, 2012). The decision held that meritorious claims could proceed while ensuring that "meritless, retaliatory SLAPP lawsuits" are subject to dismissal and sanctions. *Id.* at *6. *Sandholm* explained "that the legislature intended to target only meritless, retaliatory SLAPPs and did not intend to establish a new absolute or qualified privilege for defamation." *Id.* at *11. Thus, if there is no legally cognizable basis for the claims, and the case itself was filed in retaliation for the exercise of First Amendment petitioning rights (such as attorney advertising or completion of a required pre-suit investigation into violations of Federal law), the action should be dismissed. *See Sandholm* and *Wright Dev. Group, LLC v. Walsh*, 238 Ill. 2d 620 (2010). The Attorneys should be reimbursed for their fees and costs incurred in defending against this suit. Because Corvus has not alleged a single claim with legal merit, and its own letters acknowledge that this case is retaliatory because of the Attorneys' exercise of First Amendment rights (ECF No. 6 at Exs. B, C), the Citizen Participation Act applies to afford the Attorneys relief.

---

defendants misrepresented ISC's products as their own, or confused the public as to the source or sponsors of their products.")

## **CONCLUSION**

For the forgoing reasons, this action should be dismissed with prejudice and the Attorneys should be permitted to submit their petition for reimbursement of reasonable attorneys' fees and costs under ICFA and the Citizen Participation Act.

Dated: April 5, 2012    Respectfully submitted,

**NICHOLS KASTER, PLLP**
**ANDREW G. CHASE**

By: */s/ Kenneth E. Kraus*
Kenneth E. Kraus
Kenneth E. Kraus
Todd H. Flaming
KrausFlaming LLC
20 South Clark Street
Suite 2620
Chicago, Illinois 60603
312.447.7216 (TEL)
312.236.9201 (FAX)
ken@krausflaming.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply In Support Of Defendants' Motion To Dismiss was served via this Court's ECF filing system, whereupon all counsel of record were served.

Dated April 5, 2012.

                                            */s/ Kenneth E. Kraus*
                                            Kenneth E. Kraus