# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1269 | **DATE** | 9/14/2012 |
| **CASE TITLE** | The Corvus Group, Inc. vs. Nichols Kaster, PLLP and Andrew G. Chase | | |

**DOCKET ENTRY TEXT**

Defendants' motion for Rule 11 sanctions [15] is denied. Under my prior ruling on the motion to dismiss, defendants' petition for fees and costs [18] is granted in part and defendants and their attorneys are awarded fees and costs in the amount of $26,723.58. All pending dates and motions are terminated as moot.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff The Corvus Group, Inc. ("Corvus") sued defendants Nichols Kaster, PLLP and Andrew G. Chase alleging trade libel (count I) and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2 ("ICFA") (count II) and the Uniform Deceptive trade Practices Act, 815 ILCS 510/2(a)(8) ("UDTPA") (count III). On May 24, 2012, I dismissed all three counts of plaintiff's complaint, denied defendants' request for attorney's fees and costs under the Citizen Participation Act, 735 ILCS 110/1, *et seq.*, and granted defendants' request for reimbursement for attorney's fees and costs in defending the ICFA claim as allowed under that statute. The day after I issued my order granting the defendants' motion to dismiss, defendants filed the present motion seeking sanctions pursuant to Rule 11(b)(2) and (c)(2) of the Federal Rules of Civil Procedure. Defendants have also filed a petition for attorney's fees and costs.

I. Defendants' motion for Rule 11 sanctions

Rule 11 imposes obligations on attorneys presenting pleadings or motions to a court and provides for sanctions when an attorney fails to meet her obligations. Specifically, an attorney who signs or submits a filing "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). Under Rule 11(c)(2) a party may file a motion for sanctions for alleged violations of Rule 11(b) after giving the opposing party an opportunity to withdraw the complaint or motion alleged to violate Rule 11(b). Defendants contend that plaintiff's lawsuit was frivolous, arguing that all three of plaintiff's legal claims lacked any basis in law and that plaintiff failed to perform its due diligence as required by Rule 11(c)(2). Defendants argue that plaintiff failed to investigate its claims and ignored controlling cases.

I awarded defendants their attorney's fees attributable to defending count II of the complaint under the ICFA. The ICFA allows for an award of reasonable attorney's fees if there has been a threshold finding of bad faith. 815 ILCS 505/10a(c). Guided by Rule 11(b)(2), I held that plaintiff's ICFA claim was

**STATEMENT**

frivolous. I based my holding on the fact that binding Illinois Supreme Court precedent absolutely foreclosed plaintiff's claim under the ICFA. I do not alter my prior holding here. However, I do not reach the same conclusion regarding counts I and III of plaintiff's complaint. The claims plaintiff asserted in counts I and III were not strong, as evidenced by their eventual dismissal, but they were not frivolous. In arguing that plaintiff failed to investigate its claims, defendants argue that plaintiffs ignored controlling cases. Yet, at least as far as counts I and III are concerned, defendants do not cite to any cases that would bind this court. As such, defendants motion for Rule 11 sanctions is denied.

## II. Petition for Fees and Costs

Plaintiff's object to defendants' petition for fees and costs on two grounds, but these arguments are unpersuasive. First, plaintiff argues that I should not award fees at all, even for the ICFA claim. I awarded defendants fees and costs related to the plaintiff's ICFA claim when I granted the motion to dismiss. To the extent that plaintiff seeks reconsideration of that decision, I decline to revisit the issue. Plaintiff has not offered any reason why reconsideration would be appropriate in this instance and merely disputes the reach of *Cripe*, which it had the opportunity to do in response to the motion to dismiss.

Next, plaintiff contends that defendants have failed to demonstrate a rational relationship between work related to the ICFA claim and the total fees requested. I begin by noting that plaintiff has not disputed the defendants' claims that the hourly rates charged by the lawyers who worked on the case and the total number of hours spent defending are reasonable. Instead, plaintiff argues that defendants have not sufficiently documented which portion of the total fees are attributable to the ICFA claim. While plaintiff argues that dividing fees and costs by one-third is unfair, I find this to be a reasonable way in which to divide the fees without incurring further burden on the parties. As defendants correctly point out, many of the hours involved in this case were required regardless of the number of counts. Plaintiff does not contend that there was more legal research involved in any of the counts, and defendants have segregated out additional research they performed related to the defamation count. Further, plaintiff's argument that fees and costs related to removal, privilege or SLAPP research is not well-taken. These issues are fairly attributable to all of the claims and were reasonably undertaken as part of defendants' general litigation strategy. As such, dividing the fees and costs by one-third is fair under the circumstances. I will not, however, allow for recovery of fees and costs related to the unsuccessful Rule 11 motion. Nor will I include *all* general fees in the fees attributable to the ICFA claim, as defendants have suggested. Finally, I note that plaintiff has argued, without support, that defendants have essentially claimed double costs by submitting fees from both the defendants' law firm, Nichols Kaster, PLLP, and their counsel, KrausFlaming LLC. But the exhibits defendants submitted in support of their petition for fees and costs fairly demonstrate that the two law firms worked collaboratively on the case.

After removing costs related to the Rule 11 motion and the defamation count, I divided the total by one-third. The amount of fees not attributable to the Rule 11 motion or defamation total $79,017.50. I have determined that defendants are entitled to recover one-third of this amount, or $26,339.17. I have also determined that defendants are entitled to recover one-third of the total costs, though I have deducted $100 for Westlaw, paid on June 12, 2012, assuming that research costs incurred after my order on the motion to dismiss were related to the Rule 11 motion. Thus, the total amount of costs is $1,153.24, and one-third of the total is $384.41. The total award of attorney's fees and costs is $26,723.58.

## III.

For the foregoing reasons, defendants' motion for Rule 11 sanctions is denied. Under my prior ruling on the motion to dismiss, defendants' petition for fees and costs is granted in part and defendants and their attorneys are awarded fees and costs in the amount of $26,723.58.